**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., Respondent,

v.

Ronald R. Watkins and Ashland Plantation Property Owners Association, Defendants,

Of Whom Ronald R. Watkins is the Appellant.

Appellate Case No. 2014-001398

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2015-UP-284
Submitted May 1, 2015 – Filed June 17, 2015

**AFFIRMED**

Brian Morris Knowles, of Knowles Law Firm, PC, of Summerville, for Appellant.

Thomas E. Lydon, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 219, 616 S.E.2d 722, 729 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Matrix Fin. Servs. Corp. v. Frazer*, 394 S.C. 134, 140, 714 S.E.2d 532, 535 (2011) (holding if a mortgage loan is closed without proper attorney supervision, the lender is barred from pursuing equitable remedies, but limiting the application of this holding prospectively to mortgages recorded after August 8, 2011); *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 623-24, 731 S.E.2d 547, 549-50 (2012) (holding a party seeking surplus funds from a foreclosure sale was not barred from recovery, even if the closing was conducted without attorney supervision, because the mortgage was recorded before August 8, 2011); *id.* at 624, 731 S.E.2d at 550 (clarifying the filing date referred to in *Matrix* is "the date the document a party seeks to enforce was filed").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.